CV 12 - 757

Page 2

FILED
IN CLERK'S OFFICE
US DISTRICT COURT

★ FEB 15 2012 ★

BROOKLYN OFFICE

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   EDNY |
|---|---|
| Name: Geisner Delva | Docket or Case No.: BLOCK, J. |
| Place of Confinement: FCI Elkton, Elkton, Ohio | Prisoner No.: 75498-053 |
| UNITED STATES OF AMERICA | Movant (include name under whi... |
| v. | Gesner Delva |

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    United States District Court, Eastern District of New York

    225 Cadman Plaza East, Brooklyn, NY 11201

    (b) Criminal docket or case number (if you know): 1:04-cr-00314 (FB)

2.  (a) Date of the judgment of conviction (if you know): October 15, 2009

    (b) Date of sentencing: October 9, 2009

3.  Length of sentence: 293 months' imprisonment, 5 years' supervised release

4.  Nature of crime (all counts): _____

    Count One:   Conspiracy to import cocaine. 21 U.S.C. 963

    Count Two: Conspiracy to distribute and possess cocaine. 21 U.S.C. 846

    Count Three: Importation of cocaine. 21 U.S.C. 952

    _____

    _____

5.  (a) What was your plea? (Check one)

    (1) Not guilty G XX        (2) Guilty G        (3) Nolo contendere (no contest) G

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,

    what did you plead guilty to and what did you plead not guilty to? _____

    _____

    _____

    _____

    _____

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury G XX        Judge only G

7.  Did you testify at either a pretrial hearing, trial or post-trial hearing?        Yes G XX        No G

    (Testified at first trial with hung jury, not second trial)

  
Page 3

8. Did you appeal from the judgment of conviction?    Yes G XX    No G

9. If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals, Second Circuit

(b) Docket or case number (if you know): 09-4571-cr

(c) Result: Judgment affirmed.

(d) Date of result (if you know): November 18, 2010

(e) Citation to the case (if you know): U.S. v. Delva, 282 Fed.Appx. 89

(f) Grounds raised: 1. District court erroneously refused to hold a hearing on trial counsel's ineffective assistance of counsel in failing to allow defendant to testify at his second trial, notwithstanding that defendant testified at his first trial, which resulted in a hung jury. 2. Apart from failure to hold a hearing, the district court erroneously refused to order a new trial on the same basis that defendant was wrongly denied his right to testify.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes G  No G XX

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

XX Yes G  No G

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: U.S. District Court, E.D.N.Y.

(2) Docket or case number (if you know): 04-CR-314 (FB)

(3) Date of filing (if you know): Sept. 8, 2011

(4) Nature of the proceeding: Pro se motion for new trial under Rule 33

Page 4

(5) Grounds raised: 1.   Conflict of interest with trial counsel

2.   False testimony by government witnesses

3.   Illegal extradition

4.   Rogue government agent rebuffed in drug sale effort
   and was part of team that arrested Delva.

5.   Theft of drugs led someone to falsely accuse Delva in this case.

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

      Yes G   No G  XX

(7) Result: Pending

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes G   No G

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

(1) First petition:      Yes G   No G

(2) Second petition:      Yes G   No G

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Defendant's presumption of innocence and fair trial undermined by prejudicial evidence and ineffective assistance in not objecting/ appealing these grounds.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Highly prejudicial evidence admitted before jury compromising fair trial and defendant's presumption of innocence. Trial counsel ineffective for not objecting properly and appellate counsel should have raised on appeal.  Specifically, (1) testimony from Garoute and Louis about uncharged drug transactions in violation of Rule 404(b); (2) testimony from DEA Agent Cheek branding defendant a "fugitive" without basis; (3) allowing tape transcripts to be deemed only evidence and showing Delva as speaker without qualifying instruction; (4) allowing misimpression that trial judge had sentenced cooperating witnesses and believed their testimony.  See accompanying detailed Memo of Law.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes G   No G XX

(2) If you did not raise this issue in your direct appeal, explain why: Issues not identified and raised by appellate counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes G   No G XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes G   No G

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

**GROUND TWO:** Violation of rights of defendant to be present and to have presiding judge present for reading of jury note re defendant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

During the jury's deliberations it asked for a readback of highly prejudicial testimony that defendant was a "fugitive" in Haiti which was unsubstantiated and untrue. The note was dealt with by the courtroom deputy and counsel for both sides. The judge was absent and defendant was not present, both in violation of his rights.  Trial counsel was ineffective in not objecting and appellate counsel should have raised this on appeal.

See accompanying detailed Memo of Law

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐   No ☐ XX

(2) If you did not raise this issue in your direct appeal, explain why: _____

Issues not identified and raised by appellate counsel.

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes G  No G XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes G  No G

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes G  No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes G  No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

**GROUND THREE:** Ineffective assistance of trial and appellate counsel in not challenging erroneous conspiracy instruction that "some evidence" suffices

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

  The jury was charged that to find that defendant joined the charged

conspiracies, it need only be based on "some evidence." This and other similar formulations undermines the obligation of proof beyond a reasonable doubt and has been rejected. Trial counsel was ineffective in not objecting and appellate counsel should have raised this issue on appeal.

See detailed accompanying Memo of Law

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes G  No G XX

(2) If you did not raise this issue in your direct appeal, explain why: _____

Appellate counsel did not identify or raise this issue,

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes G  No G XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes G  No G

(4) Did you appeal from the denial of your motion, petition, or application?

Yes G  No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes G  No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND FOUR:** Denial of defendant's right to testify and to effective assistance of trial and appellate counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

As set forth also in the annexed affirmation of Mr. Delva, defendant intended to and desired and wanted to testify at the trial as he had at the first trial (hung jury). Defendant did not understand and was not properly informed that this was his decision to make and not for counsel or "joint" decision. Under these circumstances including lack of understanding of US law by a foreigner the Court should have voir dired defendant concerning this. Alternatively, he did not waive his right through counsel and the court should reconsider that issue on new evidence. See accompanying detailed Memo of Law. (See additional grounds on attached sheet.)

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes G  No G XX**

(2) If you did not raise this issue in your direct appeal, explain why: This issue was raised as a claim of ineffective assistance of counsel claim only. It was not and should have also been raised as a direct violation of right to testify.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes G  No G XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes G   No G

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes G   No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes G   No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them: _____

    All grounds were not raised on appeal as they are here. Appellate

    counsel did not identify and raise these grounds although a related

    argument as to #4 was raised on appeal -- ineffective assistance rather

    than violation of the direct right as described above.  The Rule 404(b)

    issue described in #1 was objected to by trial counsel but without

    subsequent objections as described. Underlying facts of #4,#5 presented

    to trial court after trial.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the

judgment you are challenging?    Yes G   No G

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, and the

    issues raised. As stated in answer to question 11, defendant filed a pro se

    motion for a new trial under Rule 33 based on newly discovered evidence.

    That motion was filed in o4-CR-314 (FB) and is pending.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: Frederick Sosinsky, 225 Broadway, Suite 715
New York, NY  10007

(c) At trial: John P. Dell'Italia, Dell'Italia, Affinito & Santola
18 Tony Galento Plaza, Orange, NJ 07050

(d) At sentencing: Alan M. Nelson, 3000 Marcus Ave., Lake Success, NY 11042

(e) On appeal: Alan M. Nelson, 3000 Marcus Ave., Lake Success, NY 11042
Robert A. Ratliff, 713 Dauphin St., Mobile, AL  36602

(f) In any post-conviction proceeding: Robert A. Culp, 29 Garrison's Landing, PO Box 550
Garrison, NY 10524 (current Section 2255 petition only)

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   XX Yes G   No G

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes G   No G XX

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes G   No G

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, movant asks that the Court grant the following relief: <u>Vacation of the judgment</u>
<u>and dismissal, or new trial or new sentencing.</u>

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
_____ (month, date, year).

Executed (signed) on _____ (date).

<u>See attached additio</u>nal page

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this
motion. _____

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).

Executed (signed) on ___ $\partial$ /14/ 1 $\partial$ ___ (date).

*Gesner Delva*

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

**Additional Grounds for Section 2255 Motion:** *Gesner Delva v. United States*

**GROUND FIVE:** Conflict of interest between defendant and his trial counsel requires a new trial.

Supporting facts: Defendant believed his trial counsel had been appointed under the CJA by Judge Korman for purposes of the second trial. Trial counsel, as corroborated by the court docket, was never appointed and did not apply and counted on defendant's family to pay him. Defendant and his family refused, believing he had been appointed under the CJA. In the end defense counsel was not paid for the second trial. Defendant submits this was an actual conflict with presumed prejudice. It should be taken into account on the other claims in any event. See accompanying detailed Memo of Law.

This issue was not identified and raised on appeal, although it could and should have been. The underlying facts were presented to the district court in post trial proceedings.

**GROUND SIX:** Ineffective assistance of counsel at sentencing for failure to present the Court with additional facts and arguments that reasonably would have resulted in a lower sentence.

Supporting facts: The sentence of defendant was compared and contrasted with that of co-defendant Alex Hyppolite since both played similar roles. The Court gave defendant 293 months, nearly the same as 290 for Hyppolite. Defense counsel should have identified and presented underlying and material facts showing that Hyppolite's sentence also reflected currency transaction offenses, and in particular, a bail jumping offense. The court had authority and basis to give defendant a lower sentence based on this distinguishing feature. See accompanying detailed Memo of Law.

This issue was not identified and raised on appeal, although it could have been since the additional information about Hyppolite is in the same court record.

**GROUND SEVEN:** Violation of defendant's rights in connection with his "extradition."

Supporting facts: Defendant believes his rights were violated in connection with his extradition in various ways because (1) he was deceived in questioning by a DEA agent who misconstrued answers that he knew "of" certain individuals into answers that he knew them personally; (2) he was mislead into thinking that he was being released when in fact he was being taken to the United States; (3) he was given a form stating in French that the authorities had no incriminating evidence on him; (4) he was never afforded any process, never even saw a judge as was his right (as possibly arranged by a chief judge in his home region who was a family rival) and was essentially just taken out of Haiti on the say so of the DEA. This claim is presented in supplemental filing by defendant through counsel in accordance with instructions obtained from the Court. See that filing for further details.

This issue was not identified or raised on appeal.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

```
                                    )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff-Respondent,       )
                                    )
vs.                                 )
                                    )
GESNER DELVA,                       )
                                    )
        Defendant-Petitioner.       )
                                    )
_____     )
```

AFFIDAVIT OF GESNER DELVA REGARDING DELVA'S DESIRE

TO TESTIFY AT HIS TRIAL.

Now comes Plaintiff-Respondent Gesner Delva and pursuant
to 28 U.S.C. §1746 and under the penalty of perjury, would inform
this Honorable Court of the following:

1. I am the defendant in the above captioned case.
2. I desired very much to testify at my criminal trial but I
   was prevented in doing so by my trial attorney.
3. I had a previous trial at which I testified, and which
   resulted in a mistrial.
4. It is part of my culture and heritage that I should testify on
   the witness stand to the jury.
5. I had one strategy meeting with my trial attorney between the
   trials. At that meeting he brought a person who was a creole

1

interpreter. The meeting was at the jail where I was incarcer-
ated.

6. At that meeting I told the attorney that I wanted to testify.

7. He told me that the government was going to bring in other
witnesses and I told him that I wasn't afraid, I still wanted
to testify.

8. My attorney had a long talk with me before we started the
first trial about the way that I was supposed to behave in
the courtroom He especially told me that I was never to
get mad at him, or raise my voice, or appear upset, because
that would cause me to lose andbe bad in the eyes of the
jury.

9. It was my express understanding that I would be allowed to
testify when the time came.

10. I was unsure of what was happening when the judge called
to my lawyer and asked him if he had any witnesses. I am
not a witness - I am the defendant. So I was surprised when
the time for me to testify came, and went, without my
knowledge.

11. I was angry after we recessed and found out that I had missed
my chance to testify. I called to the courtroom deputies
and Marshalls to bring me to my lawyer.

12. When the lawyer came I confronted him and asked him "Why did
he lie and tell me that I could testify?". I knew that he did
not want to testify, but it was MY right,not his.

13. He told me that it was for the best, that he had the "impress-
ion" that I wouldn't testify; and that "I have my reasons - I

2.

have been doing this for thirty years".

14. There was nothing I could do at that point, if I was angry or mad in front of the jury then they would think that I was wild or uncultured or a bad man for being angry.

15. I had told all of my family about my plans to testify at the trial. In preparation I had things sent from Haiti .

16. I had pictures sent from my sister, that I asked my attorney to introduce on my behalf while he "examined" me. He still has those pictures.

17. I had a suit mailed to me, to use for testifying. But I never got the suit -- but I know that it was sent, and I know that the attorney got it.

18. Instead the attorney had me wear a cheap suit for the whole trial.

19. I wanted to have lots of input on the appeal process because it is a very big deal that I missed my right to testify -- that the right to testify was taken from me.

20. I tried to work hard and closely with my appeal attorney but he didn't work hard or well with me.

## CERTIFICATION

"I, Gesner Delva, certify that the foregoing is true, complete, and correct to my best knowledge, understanding, and belief. Executed on _____".

FEB 9

Signed Gesner
9/21.12 Velva
/s Gesner Delva

3

## **CERTIFICATION**

I hereby certify that on February 15, 2012 a copy of the foregoing document was served

by hand or mailed First Class postage prepaid to:

Whitman G.S. Knapp
Office of the U.S. Attorney
271 Cadman Plaza East
Brooklyn, NY 11201


Counsel for the Government


Robert A. Culp RC-1433
Law Offices Robert A. Culp
29 Garrison's Landing
P.O. Box 550
Garrison, New York 10524
(845) 424-4431
culplaw@optonline.net

Counsel for Petitioner-Defendant
Gesner Delva